# United States District Court

Southern District of Indiana



FILED
NOV 25 2019
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

1 : 1 9 -cv- 4 6 6 8 JRS -TAB

Richard Clemons            file no.
Plaintiff            Hon.

V

Indianapolis University Law School
Dean of Student Affairs Jane Doe#1
I.U. law student Jane Doe#2

Defendant(s)

---

Complaint for 42 USC 1983
Inter Alia

(Parties)

Plaintiff is Richard Clemons a former law student. He can be reached at 402 N. Saint Louis. Chicago, Il. 60624. His phone number is 317-893-8766.

The Defendant Jane Doe(s) are the Dean of student affairs along with a law student respectively.* They can be reached at 530 W. NY [New York] St. Indianapolis, Indiana. 46202. 317-274-8523.

* THE DEAN OF STUDENT AFFAIRS IS AUTHORIZED TO ACCEPT SERVICE FOR JANE DOE #2 LAW STUDENT.

(Jurisdiction)

This court has jurisdiction pursuant to 28 USC 1331.

(Complaint)

1) That on 11-19-19, a white female student of the indicated law school yet unrelated with exception as to chronological sequence of events, falsely accused plaintiff who is African American of sexual assault. Police intervention found not only was there no physical assault of any kind but that the investigation concluded that even the conversation this complainant alluded to as a basis of the complaint held no evidence of *anything* sexual in nature.

2) Once completely exonerated by the University Police, plaintiff was allowed to continue his research at the school.

3) Yet at approximately 11:00 am, on 11-20-19, unaware that plaintiff's complete exoneration of the false charge left women at the school "uncomfortable"[1], yet *another* white female student absent *any* reasonable basis in fact, fabricated a harassment charge after communicating to plaintiff who had no prior contact " I don't like how you treated my friends yesterday". Because of what she was "told" by the actual person party to the dispute. The defendant had no relation to the proceedings except being a friend to the person who made the false allegation the day prior.

4) After conversing with plaintiff and absent plaintiff's knowledge, Jane Doe law student[2], communicated a "harassment" charge and staff

---

[1] According to Jane Doe#2 the law student in a recorded discussion witnessed by subsequent police intervention in report number191124.

[2] Who for purposes of service by the U.S. Marshal will be served as Jane Doe at the law school and properly identified by the grievance coordinator legally responsible for the resolution of civil and administrative grievance involving the school and any students in relation thereto.

called the police. Again, upon presentation of the video evidence, the police cleared plaintiff of any wrongdoing and agreed with plaintiff that while not conclusive, there was probable cause to believe at that point, that there may lie racial considerations as a motivation in the filing of the false charge.

5) Incredibly and absent *any* questions or even a pretense of an administrative hearing,[3] and despite the police findings of exoneration, defendant Dean of Student Affairs initiated administrative action that **ordered** the IU police to barr plaintiff from the premises of the law school. The white student who filed the false charges in retaliation of plaintiff's favorable investigation, went unpunished. Plaintiff notes that under these facts, any post-deprivation remedy[4] is inadequate. Yet pre deprivation remedies clearly in place were completely ignored by the defendant. She simply did not even want to have a discussion your honor. Plaintiff did suffer immediate and devastating embarrassment and depression as he was escorted off the premises in shame by the same police officers who once again had found that the charges were false.

(Claim for relief)

Plaintiff sues Jane Doe Dean of Student Affairs in her personal capacity. He sues for deprivation of his 14th amendment rights for procedural due process and equal protection violation. He also sues under the first amendment because defendant's conduct threatened his access to the courts[5].

---

[3] Plaintiff's application for acceptance into a different program of the school is currently in progress and is now seriously threatened based on the Dean of Student Affairs capricious treatment of the subject.

[4] If there is one clearly identified, plaintiff alleges that the remedy was inadequate as a matter of law because the State of Indiana refuses as a matter of statute, to rely on administrative proceedings of it's arms of the state in order to perfect a civil rights violation.

[5] Plaintiff states this as a matter of pre deprivation grievance mechanism and pending litigation being prosecuted in another state. The law school was specially tailored to meet certain litigation needs beneficial to plaintiff that will be expanded in the proofs.

Plaintiff sues both defendants under ancillary jurisdiction for intentional infliction of emotional distress. Plaintiff also sues under a theory of negligence.

(Relief sought)

Plaintiff seeks a declaratory judgment against defendant Dean of Student Affairs that plaintiff enjoys a constitutional right to access a public resource with a minimum pre-deprivation mechanism prior to restraint, where there is a **presumption** that the deprivation was the result of racial discrimination.

Plaintiff seeks a declaration that he enjoyed a limited contractual interest in accessing resources of the law school that could not be disturbed absent a showing of a legitimate state objective.

Plaintiff seeks 15,000. Against defendant Jane Doe law school student for the filing of a false harassment charge which resulted in plaintiff's detainment by police.

Respectfully Submitted,
Richard Clemons
402 N. Saint Louis
Chicago, Il. 60624

*[signature] 11-25-19*

*[signature] 11-25-19*