UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04668-JRS-DML |
| | ) | |
| The Trustees of Indiana University | ) | |
| JANE DOE #2 I.U. law student, | ) | |
| JANE DOE #1 Dean of Student Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Defendants' Motion for More Definite Statement (ECF No. 16) and Plaintiff's Motion for Contempt (ECF No. 20)**

*Pro se* Plaintiff Richard Clemons brings claims for violations of his due process, equal protection, and First Amendment rights against The Trustees of Indiana University[1] (the "University"); Jane Doe #2, I.U. law student; and Jane Doe #1, Dean of Student Affairs.  The University and Jane Doe #1 filed Motion for More Definite Statement (ECF No. 16).  Clemons did not respond to this motion but instead filed a Motion for Contempt (ECF No. 20).  For the following reasons, Defendants' Motion for a More Definite Statement is **denied**, and Plaintiff's Motion for Contempt is **denied**.

---

[1] Clemons named "Indianapolis University Law School" as a Defendant, but the proper suable entity is "The Trustees of Indiana University."  *See* Ind. Code § 21-27-4-2.

## Motion for a More Definite Statement

Defendants move for a more definite statement on the following grounds: (1) Clemons made "no specific factual allegations or claims for relief against the Trustees of Indiana University" and (2) the allegations in Clemons's complaint are "unclear, overly complicated, and not in compliance with Rule 10."

Rule 12(e) provides that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions under Rule 12(e) are disfavored generally, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013) (citing *Moore v. Fidelity Fin. Servs., Inc.*, 869 F. Supp. 557, 559–560 (N.D. Ill. 1994)). "Where the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012); *see also E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Most details are more efficiently learned through the flexible discovery process."); *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving."). Moreover, a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted).

Clemons complains that, on November 19, 2019, a white female student at the law school falsely accused him, an African American male, of sexual assault. The University Police investigated and found there was no physical assault and Clemons was allowed to continue his research at the school. However, the next day, another white female student (Jane Doe #2) falsely accused Clemons of harassment. The University Police again investigated the situation and "cleared [Clemons] of any wrongdoing." The Police agreed with Clemons that "there may lie racial considerations as motivation in the filing of the false charge." The Dean of Student Affairs subsequently initiated an administrative action that ordered the University Police to bar Clemons from entering the law school.

These allegations may not all be true, and they may not state a claim upon which relief can be granted, but they are not "so vague or ambiguous" that defendant cannot reasonably prepare a response. "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1121 (E.D. Cal. 2012). While Clemons does not name the University specifically in his factual allegations, the conduct he complains of necessarily implicates it. For example, Clemons alleges that he was wrongfully barred from entering the University's law school and that the University's procedures for doing so were inadequate. Clemons's Complaint "need not identify the applicable law," *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017), nor

match facts to every element of a legal theory, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).  Accordingly, Clemons's Complaint is specific enough to apprise Defendants of the substance of his claims.

Defendants further argues that Clemons has failed to comply with Rule 10(b) by not stating all his allegations in numbered paragraphs and by stating some in footnotes.  Clemons's factual allegations are set forth in numbered paragraphs (1-5) and contain five numbered footnotes.  The Complaint also includes a "Claim for Relief" section with one unnumbered paragraph, and a "Relief Sought" section with three unnumbered paragraphs.  The structure of the Complaint does not render it "so unintelligible that [Defendants] cannot draft a responsive pleading."  *Rivera*, 974 F. Supp. 2d at 1195.  While not in full compliance with Rule 10's technical pleading requirements, Clemons's Complaint is relatively brief and organized, especially considering his *pro se* status.  Defendants' Motion for More Definite Statement (ECF No. 16) is therefore **denied**.

## Motion for Contempt

Clemons asks this Court to hold Defendants in contempt for (1) filing a motion for a more definite statement prior to submitting a "rule 26(f) document," and thereby "waiving objection to the gathering of fundamental information by plaintiff" and (2) failing to comply with a subpoena Clemons issued to Defendants.

To prevail on his contempt claim, Clemons has the burden of proving the following elements by clear and convincing evidence: (1) that a Court Order set forth an unambiguous command; (2) that Defendants violated that command; (3) that Defendants'

4

violation was significant, meaning it did not substantially comply with the Order; and (4) that Defendants failed to take steps to reasonable and diligently comply with the Order. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). This Court has not issued any orders commanding action from Defendants, and Clemons has not identified one. Without such evidence, the Court cannot hold Defendants in contempt. Clemons's Motion for Contempt (ECF No. 20) is **denied**.

The Court notes that should Clemons seek to move forward with discovery, he must confer with counsel for Defendants to submit a Case Management Plan to this Court in compliance with Rule 26(f). Further, obtaining documents and testimony from opposing parties should be done through the discovery process rather than through subpoenas. *See, e.g.*, Fed. R. Civ. Pr. 30 (Depositions by Oral Examination); 31 (Deposition by Written Questions); 33 (Interrogatories to Parties); 34 (Producing Documents); 35 (Physical and Mental Examinations); 36 (Requests for Admission).

## Conclusion

For the reasons stated above, Defendants' Motion for a More Definite Statement (ECF No. 16) is **denied**, and Plaintiff's Motion for Contempt (ECF No. 20) is **denied**. Further, the Clerk is **directed** to update the case docket to reflect the caption in this Order.

**SO ORDERED.**

Date:  4/28/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD CLEMONS
665 Longview Drive
Lexington, KY 40503

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jdawson@taftlaw.com

Tristan Carl Fretwell
TAFT STETTINIUS & HOLLISTER LLP
tfretwell@taftlaw.com

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
mterrell@taftlaw.com