Case 1:19-cv-04668-JRS-DML   Document 38   Filed 07/10/20   Page 1 of 2 PageID #: 133

**FILED**
5:36 pm, Jul 10, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# United States District Court

Southern District Indiana

Richard Clemons
Plaintiff

V

Indiana University law School, Dean of Student affairs
Jane Doe#1 and Jane Doe#2
Defendant

File no.1:19-cv-04668

## Motion for more Definite Statement

NOW COMES PLAINTIFF and states as follow in support of his motion pursuant to FRCP 12(e)

1) On 6-25-20 the defendant filed a motion to dismiss based off great assertions of sovereign immunity[1].The case law indicates that such claims *barr* the discovery process until the resolution of this assertion.Be that as it may, plaintiff moves for a more definite statement in order to properly and fully respond to the alleged immunity(ies) argument.

2) In document #17 filed on 3-2-20, the defendant asserted to the court that the "Dean of Student Affairs" does not exist. Plaintiff identified

---

[1] Plaintiff is alarmed. It is this kind of irresponsible plea of "sovereign immunity" that has misinformed citizens filing frivolous petitions in various courts referencing themselves as "sovereign" citizens who as a consequence, sincerely believe they are "immune" from court process.

this defendant based off the campus police assertions. What exactly is her position? Certainly this needs to be answered prior to invocation of the 11th Amendment?

3) Was Jane Doe#1 dean of student affairs operating and or controlling a law library that was owned and operated exclusively by the State of Indiana or did the law school submit itself as a Federal Depository Library? Absent answers to these questions, defendant's invocations of immunity(ies) are premature at best.

WHEREFORE plaintiff prays the court to deny defendant's demand for dismissal based off sovereign immunity[2] *without prejudice,* and to issue a more definite statement as indicated so that plaintiff may fully serve the court[3].

Richard Clemons
% James Thomerson
326 S. Broadway
Lexington, Ky. 40503
/s/ Richard Clemons
7-6-20

PROOF OF SERVICE
Plaintiff forwarded a copy of the above on defendant at their listed email address by preestablished means.

---

[2] Plaintiff engages the discovery process in *good faith.* He can show that not only is the defendant's conduct severable from the 11th Amendment, but that the conduct was violative of clearly established law which precludes application of Qualified Immunity as well.
[3] The defendant's motion here should not disturb the court's order of scheduling.