UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD CLEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04668-JRS-DML |
| | ) | |
| THE TRUSTEES OF INDIANA UNIVER-SITY,[1] | ) | |
| JANE DOE #2 I.U. law student, | ) | |
| JANE DOE #1 Dean of Student Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

## Order on Pending Motions

Plaintiff Richard Clemons, *pro se*, brings claims against Defendants The Trustees of Indiana University (the "University"), the Indiana University Law School Dean of Student Affairs ("Jane Doe #1"), and an IU law student ("Jane Doe #2"), alleging violations of Clemons's constitutional rights and alleging state tort claims.  (Compl., ECF No. 1.)  The University and Jane Doe #1 (collectively, the "IU Defendants") move to dismiss, (ECF No. 34), Clemons's complaint for failure to state a claim upon which relief can be granted.  Also before the Court are Clemons's motions for a more definite statement, (ECF Nos. 37, 38); for the Court to take judicial notice of certain putative facts, (ECF No. 44); and for recusal of the magistrate judge in this case, (ECF No. 50).

---

[1] The Court acknowledges that the correct name for Defendant Indiana University Law School is "The Trustees of Indiana University," (*see* ECF No. 35 at 1) (citing Ind. Code § 21-27-4-2)).  Indeed, the University itself cannot be sued.  *See infra* Section III.A.1.  The **Clerk is directed** to update the docket to reflect that the correct name for Defendant Indiana University Law School is "The Trustees of Indiana University."  Whenever this order refers to IU or the University, it should be construed as referring to the Trustees.

For the reasons explained below, the motion of the IU Defendants, (ECF No. 34), is granted, and Clemons's motions, (ECF Nos. 37, 38, 44, 50), are denied.

## I.    Background

Clemons describes himself as a "former law student," (Compl., ECF No. 1 at 1), but he seemingly was never one at Indiana University, (ECF No. 42 at 2).[2]  However, he appears to have been studying at the Indiana University School of Law's library as a visitor during the time period relevant to this case.  (*Id.*)

On November 19, 2019, Clemons, an African American man, was accused of sexual assault by a white female Indiana University law student.[3]  (Compl. ¶ 1, ECF No. 1 at 2.)  Police allegedly "exonerated" him after an investigation.  (*Id.* ¶ 2.)  The next day, Clemons was approached by Jane Doe #2, who confronted Clemons about the previous day's incident.  (*Id.* ¶ 3.)  After their conversation, Jane Doe #2 filed a harassment report against Clemons, and the police were called.  (*Id.* ¶ 4.)  Clemons alleges that the police cleared him of any wrongdoing.  (*Id.*)

Clemons further alleges that, because of the accusation by Jane Doe #2, University administrator Jane Doe #1 "initiated an administrative action that ordered the [Indiana University] Police to barr [sic] plaintiff from the premises of the law school," and that no pre-deprivation hearing occurred.  (*Id.* ¶ 5.)  Clemons chiefly seems to

---

[2] The Court considers the additional facts Clemons raises in his response in opposition to the motion to dismiss because they are not inconsistent with the allegations in the complaint and, in fact, clarify the complaint's allegations.  *See Dausch v. Rykse*, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994) ("The facts asserted in the memorandum in opposition to the motion to dismiss, but not contained in the complaint, are relevant to the extent that they 'could be proved consistent with the allegations.'" (citation omitted)).

[3] This student is not a party to this litigation.

challenge his exclusion from the IU law library, where he says he had been doing "research." (ECF No. 42 at 2.)  He filed suit against IU, the unnamed administrator who purportedly ordered him excluded, and the law student who accused him of harassment, bringing various claims under 42 U.S.C. § 1983 and state law.  He seeks declaratory judgment and damages.

## II.    Discussion

The IU Defendants move to dismiss Clemons's complaint for failure to state a claim upon which relief can be granted.  (ECF No. 34.)  Clemons moves for a more definite statement, (ECF Nos. 37, 38); for the Court to take judicial notice of certain purported facts, (ECF No. 44); and for recusal of the magistrate judge in this case, (ECF No. 50).  The Court will address these motions in the order in which they were filed.

### A. Motion to Dismiss (ECF No. 34)

Clemons brings claims against the University and Jane Doe #1, purportedly in her personal capacity, for violations of his Fourteenth Amendment rights; for violations of his First Amendment rights; and for intentional infliction of emotional distress and negligence under Indiana law.  The IU Defendants argue that Clemons failed to state a claim against them because his federal claims are barred by the Eleventh Amendment, and because his state-law claims are barred by his failure to comply with the Indiana Tort Claims Act, Ind. Code §§ 34-13-3-8, 34-13-3-13.

3

1. <u>Legal Standard</u>

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). In considering a Rule 12(b)(6) motion to dismiss, the Court takes the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Orgone Capital III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019). A *pro se* complaint should be "liberally construed" and should be "held to a less stringent standard[] than form pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "If a plaintiff pleads facts that show its suit is barred, it may plead itself out of court under a Rule 12(b)(6) analysis." *Orgone Capital*, 912 F.3d at 1044 (cleaned up). If it grants a motion to dismiss, the Court will normally allow leave to amend the complaint unless amendment would be "futile or otherwise unwarranted." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018).

4

2.  Federal Claims

Clemons's allegations against the IU Defendants, to the extent he is seeking any monetary damages, do not establish a federal claim for relief.

Initially, the State of Indiana is not a "person" who can be sued for damages under 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  The University is an arm of the state and is treated the same as the state for purposes of § 1983.  *See* Ind. Code § 21-20-2-1 ("Indiana University is recognized as the university of the state."); *Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) ("The University is an arm of the state, and states are not among the 'persons' covered by the statute."); *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005) (University of Illinois "is functionally the State of Illinois for purposes of § 1983").  Hence, IU is not a "person" who can be sued for damages under § 1983.  Clemons's § 1983 claims fail to the extent he seeks damages.

Nor does Clemons have § 1983 claims for damages against the University administrator, Jane Doe #1.  An official capacity claim against a University employee is in essence a claim against the University, which, as the Court has already explained, is impermissible.  A plaintiff cannot avoid this by merely pleading that the § 1983 claim is against an officer in her personal capacity, when the facts alleged clearly indicate that the claim is against the officer in her official capacity.  *See Haynes v. Ind. Univ.*, 902 F.3d 724, 732 (7th Cir. 2018); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003).  While the complaint's claim for relief states that this suit is against Jane Doe

#1 in her "personal capacity," the Court finds that the claims against Jane Doe #1 are actually brought against her in her official capacity.  The facts alleged in the complaint clearly indicate that Jane Doe #1 is being sued based on her conduct in the course of her employment—Jane Doe #1 "ordered" the police to bar Clemons from the law school premises.  (Compl. ¶ 5, ECF No. 1.)  Accordingly, Clemons has no § 1983 claims against Jane Doe #1 for damages.  *Accord Wade v. Ind. Univ. Sch. of Med.*, No. 1:16-cv-02256, 2019 WL 3067519, at *8 (S.D. Ind. July 12, 2019) ("[I]ndividuals being sued in their individual capacity are protected by sovereign immunity when the claim against them is not a 'bona fide individual capacity suit' and instead seek[s] relief that would 'expend itself on the public treasury.'").  Even if Clemons had properly pleaded individual capacity claims, Jane Doe #1 enjoys qualified immunity at least because Clemons has failed to identify the violation of any right that enjoys clearly established federal constitutional or statutory protection.  *See, e.g.*, *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995).  Relatedly, Jane Doe #1 would likely be protected as a state officer performing a discretionary function.  *Cf. Burns v. Reed*, 44 F.3d 524, 526 (7th Cir. 1995).

The remaining relief that Clemons seeks is declaratory judgment (1) that he "enjoys a constitutional right to access a public resource with a minimum pre-deprivation mechanism prior to restraint" and (2) that he "enjoyed a limited contractual interest in accessing resources in the law school that could not be disturbed absent a showing of a legitimate state objective."  (Compl., ECF No. 1 at 4.)  Neither *Will* nor state sovereign immunity operate to block declaratory relief if a plaintiff seeks to use said

6

declaratory relief to enjoin a state official's ongoing violation of federal law. *See Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 778 (7th Cir. 1991) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). The University and its arms cannot be sued directly for declaratory relief because of state sovereign immunity. *See Benning*, 928 F.2d at 777. But, construing the complaint liberally, the Court presumes that Clemons really intended to sue the Trustees of the University, who as state officers may be sued for declaratory relief in relation to a putative violation of federal law under the doctrine of *Ex Parte Young*. *Id.* at 778.

Clemons's first requested declaratory judgment appears to raise a procedural due process claim. The two elements of a procedural due process claim are (1) deprivation of a protected liberty or property interest and (2) insufficient procedural protections surrounding that deprivation. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

Turning to the first element, the allegedly deprived interest seems to be the right to enter a state law school's premises—specifically, its library. (ECF No. 42 at 2.) This alleged right does not implicate a property interest. In the Seventh Circuit, even a student has no property interest in continuing education at a state university. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 601 (7th Cir. 2009). Clemons was not a student; he says he was entitled to enter the library as a "taxpayer" and "guest invited by faculty." (ECF No. 42 at 2.) If an enrolled student does not have a property interest in continuing to be present at a university, it is not at all clear how a non-student could have a property interest in merely visiting. Moreover, even if Clemons

were really invited by the Chief Justice of the Indiana Supreme Court, as he asserts, (ECF No. 42 at 2 n.1), to study at the IU law library, and even if the Chief Justice had authority to give Clemons such permission, the invitation would grant Clemons a license, at most.  In the real property context, a license "merely confers a personal privilege to do some act or acts on land without conveying an estate in the land." *One Dupont Centre, LLC v. Dupont Auburn, LLC*, 819 N.E.2d 507, 513–14 (Ind. Ct. App. 2004).  Licenses, of course, involve no transfer of real property interests and, importantly, are *revocable at will.  See id*.  A license thus cannot constitute a cognizable property interest for purposes of a procedural due process claim.  *See, e.g., Kapadia v. Chic. Transit Auth.*, No. 87-C-1919, 1987 WL 11383, at *2 (N.D. Ill. May 15, 1987) (license to access real property not cognizable property interest).  Clemons otherwise has not alleged any facts implicating a property interest in entering IU's law school.

Then, by claiming a right to enter the IU law school premises, Clemons must be attempting to allege a liberty interest.  Clemons's skeletal *pro se* complaint leaves much to the imagination, but the Court will try to be as charitable as possible in determining whether he has pleaded a liberty interest.  "A liberty interest may arise from the Constitution itself . . . ." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  The First Amendment, containing fundamental rights,[4] is one source of cognizable liberty interests in support of a procedural due process claim.  But, here, the fact that IU is a public university does not mean members of the public have a First Amendment-

---

[4] *See Stromberg v. California*, 283 U.S. 359 (1931) (incorporating freedom of speech against states through due process clause); *DeJonge v. Oregon*, 299 U.S. 353 (1937) (incorporating freedom of assembly against states through due process clause).

based right of entry to any IU building they desire.  Recognizing a general liberty interest in entering publicly-funded lands and buildings would have no limits—a public elementary school, for example, would be powerless to exclude an intruder without a pre-deprivation hearing.  Of course, that would be an absurd outcome, and for that reason this kind of alleged liberty interest has no basis in law.  To the contrary, past decisions and practice consistently reflect that members of the public have no unfettered right to enter government buildings that are nonpublic forums.  *See, e.g.*, *Lavite v. Dunstan*, 932 F.3d 1020, 1028–31 (7th Cir. 2019); *Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978) ("The public importance of conditions in penal facilities and the media's role of providing information afford no basis for reading into the Constitution a right of the public or the media to enter these institutions[.]"); *U.S. Postal Serv. v. Council of Greenburgh Civic Ass'ns*, 453 U.S. 114, 114 (1981) ("The First Amendment does not guarantee access to property simply because it is owned or controlled by the Government."); 18 U.S.C. § 1752 (criminalizing trespass on government properties like the White House).  Here, a law library and law school buildings are nonpublic forums.  Certainly, they cannot be said to be traditional public forums like a street or park.  Nor do any of the allegations show that the law school premises are a designated public forum—indeed, common sense would suggest otherwise, as a law library and law school offices and classrooms are not places a university usually opens to access by the general public.  A law library is not, for instance, "a space in which advocacy or interest groups [meet], let alone distribute[] leaflets or literature."  *Lavite*, 932 F.3d at 1029; *see also Grossbaum v. Indianapolis-Marion Building Auth.*, 63 F.3d 581, 586

(7th Cir. 1995) (city-county building was still nonpublic forum although it was "open to the public during business hours" and by policy provided space for "a wide variety of public and private speakers"). Clemons points to no authorities for his proposition that people have a liberty interest in accessing a nonpublic forum whenever they please. In short, Clemons has not plausibly alleged a liberty interest because there is no cognizable liberty interest in accessing nonpublic forums without limitation. He is therefore not entitled to declaratory judgment that he was deprived of procedural due process by being excluded from the IU law school premises.

Next is Clemons's second request for a declaration that he has a "contractual interest" in entering the law school premises that cannot be disturbed absent a legitimate state objective. Clemons has not alleged any contract between him and IU; he has not alleged that he is a student; in fact, he says in his brief that he was *not* a student when he was excluded from the library. (ECF No. 42 at 2.) To the extent Clemons's invocation of a "contractual interest" attempts to establish a liberty or property interest as part of a procedural due process claim, the Court has already explained above why such a claim would fail. To the extent Clemons's second request seeks a declaration that the University breached a contract, the Court first notes that none of the elements of a breach of contract claim have been alleged. In any event, declaratory judgment as to a contract-law violation by IU is barred by state sovereign immunity, as enshrined in the Eleventh Amendment. *See Benning*, 928 F.2d at 778 (action for declaratory judgment that state university violated state law was barred by Eleventh Amendment); *see also Pennhurst State School & Hosp. v. Halderman*,

465 U.S. 89 (1984) (Eleventh Amendment prevents federal courts from ordering state officials to prospectively comply with state law).  Even if Clemons pleaded any facts implicating a contract, the Court has no authority to issue declaratory judgment that an arm of the state has breached a contract—a quintessential issue of state law.

Next, a word about the purported equal protection violation.  To state a claim under the Equal Protection Clause, Clemons must allege that (1) he was a member of a protected class, (2) he was treated differently from a similarly situated member of an unprotected class, and (3) the defendants were motivated by a discriminatory purpose.  *See Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017).  Simply receiving different or unfair treatment is not enough to raise an equal protection violation.  *Sherwin Manor Nursing Ctr. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994); *Huebschen v. Department of Health & Soc. Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983).  Here, Clemons has not alleged even different or unfair treatment.  He relies baldly on the fact that he is African American, and the fact that the student who reported him to the police was white, and asks the Court to infer that he was excluded from the law school library because of racial discrimination.  The Court will not engage in this kind of unsubstantiated conjecture, even at the motion to dismiss stage.  Clemons's equal protection claim fails.

Finally, a word on Clemons's naked allegation that IU's conduct "threatened his access to the courts" is in order.  (Compl., ECF No. 1 at 3.)  It is simply fantastical that being barred from one school's law library is equivalent to being barred from

11

accessing the courts. Certainly, IU did not in any way prevent Clemons from accessing *this* Court. For example, he has filed and responded to pleadings and has otherwise participated in this litigation, including filing numerous miscellaneous motions, without hinderance beyond his own failure to update his address with the Court that ultimately resulted in no harm to him. *See infra* Section II.C. Also, Clemons does not explain why he cannot use any of the thousands of public libraries across the country—notably, he filed this case using a Chicago address, and has since provided addresses in Kentucky and Iowa, all far removed from the University—or the Internet to research legal matters. He is obviously not a prisoner with severely limited access to such material, but even a prisoner must show actual harm from any denial, which Clemons has not done. *See, e.g.*, *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed."). To the extent Clemons tries to allege some sort of constitutional claim that IU barred his access to the courts, it fails.

To summarize, all of Clemons's federal claims are dismissed for, *inter alia*, failure to state a claim.

### 3. State-Law Claims

Clemons brings state-law claims of intentional infliction of emotional distress and negligence against the IU Defendants. The IU Defendants argue that Clemons's

state-law claims are barred for failure to comply with the Indiana Tort Claims Act. Clemons was required to provide IU notice within 180 days of his intent to file his tort claims. Ind. Code § 34-13-3-8. Additionally, because the Court finds that Clemons's claims are in fact against Jane Doe #1 in her official capacity, given that she acted within the scope of her employment rather than in her personal capacity, Clemons's pendent state-law claim against Jane Doe #1 are also precluded by the act. *See* Ind. Code. § 34-13-3-5(b). Clemons has not alleged that he provided the required notice. Thus, his state-law claims would be dismissed for failure to state a claim if the Court had subject-matter jurisdiction over the claims.

But the Court does not have subject-matter jurisdiction over the state-law claims. Even if Clemons can amend to allege that he fulfilled the requirements of the Indiana Tort Claims Act, the Court notes that it lacks federal-question jurisdiction after dismissal of all federal claims, *supra*. Without federal-question jurisdiction, the Court declines to exercise supplemental jurisdiction over any pendent state-law claims. *See* 28 U.S.C. § 1367(a). Although by its terms 28 U.S.C. § 1367(a) says the district court "may" decline to exercise supplemental jurisdiction, the "general rule is that, when all federal claims are dismissed before trial, the district court *should* relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998) (emphasis added). Hence, all state-law claims against IU or Jane Doe #1 are dismissed for lack of subject-matter jurisdiction. Clemons should note that he will need to cure the defects in his federal claims, or his pendent state-law claims will remain

dismissed for lack of supplemental jurisdiction (even if he cures the substantive defects in the state-law claims themselves).

Pursuant to 28 U.S.C. § 1367(d), the limitations periods for these state-law claims have been tolled—i.e., the limitations clock has been stopped—for the pendency of this case and shall be tolled for an additional thirty days from the issuance of this Order, so Clemons will not be unduly prejudiced by dismissal.  *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018) ("We hold that § 1367(d)'s instruction to 'toll' a state limitations period means to hold it in abeyance, i.e., to stop the clock.").

4.  Jane Doe #2

This leaves the monetary claim against the IU law student, Jane Doe #2, which alleges that she falsely reported to the police that Clemons committed harassment against another law student.  The problems with this claim are threefold.

First, the Court lacks subject-matter jurisdiction over Jane Doe #2.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(b)(3).  There is no basis for the Court to exercise federal-question jurisdiction under 28 U.S.C. § 1331, as any claim against Jane Doe #2 would not seem to arise from the Constitution or federal law.  Nor is there a basis for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, as the complaint says nothing about the parties' citizenships, and the complaint seeks only $15,000 from Jane Doe #2.  And, having dismissed all other federal claims, the Court declines to exercise its supplemental jurisdiction over the claim asserted against Jane

14

Doe #2.  *See* 28 U.S.C. § 1367(c)(3).  The Court therefore has no subject-matter juris-
diction over the claim against Jane Doe #2.

Second, the Court cannot exercise personal jurisdiction over Jane Doe #2.  Jane
Doe #2 thus far has not participated in this matter.  She has not made an appearance
or otherwise responded to the complaint.  To the best of the Court's knowledge, she
has not even been served, as Clemons does not know who she is.  "Before a federal
court may exercise personal jurisdiction over a defendant, the procedural require-
ment of service of summons must be satisfied."  *Omni Cap. Int'l, Ltd. v. Rudolf Wolff
& Co.*, 484 U.S. 97, 104 (1987).  A plaintiff is not excused from service requirements
simply because an unnamed party is a defendant.  *See Strauss v. City of Chicago*, 760
F.2d 765, 770 (7th Cir. 1985) ("John Doe was never served with summons and a copy
of the complaint, so . . . the district court lacked jurisdiction over him.").  Thus, even
if the Court had subject-matter jurisdiction, the Court would need to dismiss Jane
Doe #2 as a defendant, without prejudice, under Federal Rule of Civil Procedure 4(m)
absent a showing of good cause for Clemons's long delay in effectuating service.[5]

Third, even if the Court had both subject-matter and personal jurisdiction,
Clemons has failed to state a claim.  The Court can think of no civil cause of action
for this claim of false reporting to a police officer, and Clemons has not identified one.

---

[5] Clemons's improper attempt to determine Jane Doe #2's identity, (ECF No. 20), was de-
nied as being outside the normal discovery process, (ECF No. 22).  This is not good cause
shown, though, because a plaintiff can amend a complaint once the identity of a Doe defend-
ant is properly and timely discovered.  But, claims against unknown defendants also should
be dismissed for failure to state a claim.  *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir.
1997) (including anonymous defendants pointless); *Strauss*, 760 F.2d at 770 n.6 (suing
"Doe" defendants generally disfavored).

The allegations, if true, could potentially lead to a prosecution of Jane Doe #2 for false reporting, but a criminal charge without a civil enforcement mechanism is of no help to sustain this civil lawsuit.  Anyway, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

For all of these reasons, Jane Doe #2 is dismissed as a defendant.

### B.  Motions for More Definite Statement (ECF Nos. 37, 38)

Clemons moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  As a preliminary matter, Clemons's two motions, (ECF Nos. 37, 38), are identical.  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  Clemons seeks a more definite statement of the IU Defendants' motion to dismiss; however, a motion to dismiss is not a pleading.  *See* Fed. R. Civ. P. 7(a); *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our case law . . . makes clear that a motion to dismiss under Rule 12(b)(6) is not a responsive pleading . . . .").  Therefore, Clemons's motions (ECF Nos. 37, 38) are denied.

### C.  Motion for the Court to Take Judicial Notice (ECF No. 44)

Clemons moves for the Court to take judicial notice of adjudicative facts pursuant to Federal Rule of Evidence 201(e).  "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the facts to be noticed."

Fed. R. Evid. 201(e).  "Rule 201(b) permits a court to take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (cleaned up).

Clemons asks the Court to take judicial notice of four facts.  First, Clemons states that he now lives in Iowa and that he inadvertently missed a status conference on July 24, 2020.  The Court need not take notice of this information because Clemons says he has already updated his address with the Clerk and because Clemons's absence from the status conference on July 24, 2020, has already been dealt with by the Court without consequence to Clemons.  (*See* ECF Nos. 45, 47).

Second, Clemons asks the Court to take judicial notice that the IU Defendants' "motion to strike the answer to their motion for judgment as a matter of law should not be considered 'untimely.'"  (ECF No. 44.)  The Court assumes "motion for judgment as a matter of law" refers to the IU Defendants' motion to dismiss, (ECF No. 34); however, there is no motion to strike in this case and, therefore, it is unclear what notice Clemons is requesting the Court to take.

Third, Clemons asks the Court to take judicial notice of the "fact" that his Complaint gave the IU Defendants fair notice of his intent to bring a "privacy violation" claim against them, and that he has not brought the claim yet because "he believe[s] [his] omission to be a reasonably tactical mechanism."  (ECF No. 44 at 2.)  He cites *Bridgestone/Firestone, Inc. v. Lockhart*, in support of his request.  5 F. Supp. 2d 667,

670 n.1 (S.D. Ind. 1998).  Footnote 1 in *Bridgestone/Firestone* discusses a motion for temporary restraining order and the aftermath of a bench trial in that case, both irrelevant to this case; *Bridgestone/Firestone* does not support Clemons's request whatsoever.  Furthermore, "a court may judicially notice only a fact that is not subject to reasonable dispute."  *White v. Hefel*, 875 F.3d 350, 358 (7th Cir. 2017).  Whether or not fair notice was provided to the IU Defendants is a fact subject to dispute given that Clemons has not alleged any claim for a privacy violation.

Finally, Clemons requests that the Court accept "Ancillary Jurisdiction over [his] State Claims."  (ECF No. 44 at 2.)  The Court has already discussed its supplemental jurisdiction over Clemons's pendent state-law claims above.  The Court has indicated that Clemons will need to cure the defects in both his federal and state claims; if he cures only the defects in his state-law claims, the Court intends to dismiss the pendent state-law claims for lack of supplemental jurisdiction.

For the reasons stated above, Clemons's motion to take judicial notice, (ECF No. 44), is denied.

### D. Motion to Recuse (ECF No. 50)

Clemons moves to recuse Magistrate Judge Lynch pursuant to 28 U.S.C. § 455(a), which states that "[a]ny . . . magistrate judge of the United States shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned."  The test for impartiality is objective, "based on all relevant circumstances." *Robinson v. Gregory*, 929 F. Supp. 334, 338 (S.D. Ind. 1996).  That is, "the question under § 455 is whether a reasonable person, knowing all the circumstances, would

harbor doubts about the judge's impartiality." *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017) (cleaned up).  "[J]udges . . .  should exercise care in determining whether recusal is necessary, especially when proceedings already are underway." *In re United States*, 572 F.3d 301, 308 (7th Cir. 2009).

Clemons offers that "Judge Lynch's impartiality may be more than reasonably questioned," and that Judge Lynch has "long and intimate relations with the defendant . . . ." (ECF No. 50.)  "Generally, [] bias must come from an extrajudicial source and must be proven by compelling evidence." *United States v. Bolt*, 92 Fed. App'x 330, 332 (7th Cir. 2004).  Here, Clemons's blanket statements of impartiality are not enough.  The fact that Judge Lynch is a graduate of the University does not require her recusal from this case. *See Easley v. Univ. of Mich. Bd. of Regents*, 906 F.2d 1143, 1147 (6th Cir. 1990) (holding that a judge's refusal to recuse himself from student's suit against law school from which judge graduated was not abuse of discretion absent evidence that judge was privy to extrajudicial information relating to student's situation at law school, or evidence from which judge's impartiality might reasonably be questioned); *see also Kennedy v. Schneider Elec., Inc.*, No. 2:12-cv-122, 2019 WL 4926858, at *2 (N.D. Ind. October 7, 2019).

Clemons also says in the motion to recuse that he wishes to "alert" the Court that Judge Lynch has found that Clemons is suffering from extreme health problems and that appointment of counsel may be in his best interest to protect his rights.  It is unclear what this has to do with the motion.  In any event, the Court communicates

19

regularly with Judge Lynch and does not need any alerts from Clemons about any of Judge Lynch's findings.  Clemons's motion to recuse, (ECF No. 50), is denied.

Clemons also filed a document, (ECF No. 51), seeking a "final order" on his motion to recuse.  To the extent this document can be construed as a motion, it is **denied as moot**.

### III.   Conclusion

For the reasons set forth above, the IU Defendants' motion to dismiss, (ECF No. 34), is **granted** as to all claims.  Any § 1983 claims for damages are **dismissed with prejudice**, as the defects cannot be cured.  Clemons's two requests for declaratory judgment are **denied without prejudice**.  The state-law claims against IU are **dismissed without prejudice** for lack of subject-matter jurisdiction and, alternatively, for failure to state a claim.  On the Court's own initiative, Jane Doe #2 is **dismissed without prejudice** because the Court lacks subject-matter jurisdiction, because she has not been served, and alternatively because he has failed to state a claim against her.  Clemons shall have until **April 23, 2021,** to show cause why judgment consistent with this order should not issue or to file an amended complaint.  If he does not, he risks dismissal of all claims—including dismissal with prejudice, where appropriate.  Because an amended complaint completely replaces the currently operative complaint, it must be a complete statement of the plaintiff's claims, including the factual basis of those claims and the relief sought by the plaintiff.  *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is

filed, the original complaint drops out of the picture.").  The proposed amended complaint, if Clemons files one, should have the proper case number, 1:19-cv-04668-JRS-DML, and the words "Amended Complaint" on the first page.  It should also include the correct name of the University for this case's purposes: "The Trustees of Indiana University."

Additionally, Clemons's motions for a more definite statement, (ECF No. 37, 38), are **denied**; his motion for the Court to take judicial notice, (ECF No. 44), is **denied**; his motion to recuse, (ECF No. 50), is **denied**; and his motion for a final order, (ECF No. 51), is **denied**.

Finally, because no claims remain, Clemons is reminded that he is still liable for the full filing fee for this case.  While *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee.  *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able.").

**SO ORDERED.**

Date:  _____3/29/2021_____

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RICHARD CLEMONS
c/o James Thomerson
326 S. Broadway
Lexington, KY 40508

JANE DOE #2 I.U. law student

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jdawson@taftlaw.com

Tristan Carl Fretwell
TAFT STETTINIUS & HOLLISTER LLP
tfretwell@taftlaw.com